UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TYREE NEAL JR.,<br><br>    Defendant. | Case No. 14-cr-40076-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court for case management purposes. On August 4, 2016, defendant Tyree Neal, Jr. pled guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(C) and 846. The parties informed the Court that the sentencing hearing would likely take a full day because of contested evidentiary issues. The sentencing hearing was set for November 3, 2016, but as of today has not yet happened. The sentencing hearing was continued a number of times to allow the parties adequate time to object to the Presentence Investigation Report ("PSR") and to respond to objections. It was also delayed by Neal's change in counsel. He is currently represented by appointed Criminal Justice Act ("CJA") panel attorney J. Christian Goeke II, but issues regarding counsel have arisen. The Court addresses this matter today to confirm that the sentencing hearing will occur as scheduled on September 12, 2017, despite Neal's current desire for different counsel.

The Court briefly reviews the parade of counsel representing Neal in this case.

At Neal's initial appearance in February 2015, Assistant Federal Public Defender Jared Martin represented him (Doc. 7). It was not remarkable that Martin was shortly thereafter replaced by appointed CJA panel attorney Neal A. Connors (Doc. 13); the Federal Public Defender routinely represents indigent defendants like Neal for their initial appearances and then is replaced

by other appointed counsel.

Connors represented Neal at detention proceedings in March 2015 (Doc. 17) and at pretrial conferences in May and June 2015 (Doc. 23). Connors also filed on Neal's behalf a motion for recusal of the Court in July 2015 (Doc. 25). The Court allowed Connors to withdraw from the case in September 2015 after he discovered a potential conflict of interest (Doc. 33).

The Court then appointed CJA panel attorney Justin Kuehn to represent Neal (Doc. 34). Kuehn represented Neal at the hearing on the motion for recusal in November 2015 (Doc. 39). In March 2016, the Court allowed Kuehn to withdraw following a dispute with Neal regarding career offender status that resulted in deterioration of the attorney-client relationship and Neal's declaration that he was going to hire private counsel (Doc. 47).

The Court then appointed CJA panel attorney Paul E. Sims (Doc. 49), but less than a month after the appointment, private counsel Heather Lynn Winslow entered her appearance for Neal (Doc. 50). In April 2016, the Court allowed Sims to withdraw in light of Winslow's appearance (Doc. 54).

Winslow represented Neal at his change of plea hearing in August 2016 (Doc. 56) and through the filing of objections to the PSR (Doc. 60). She filed several motions to continue the sentencing hearing (Docs. 58, 70 & 81). In February 2017, the Court allowed Winslow to withdraw after the attorney-client relationship had deteriorated such that she could no longer represent Neal (Doc. 92).

The following day, the Court appointed CJA panel attorney Goeke (Doc. 93). Goeke filed supplemental objections to the PSR (Docs. 98 & 122) and represented Neal at a May 2017 hearing devoted solely to the issue of whether Neal was a career offender under the sentencing guidelines

(Doc. 102). Goeke filed a motion to continue the remainder of the sentencing proceedings (Doc. 107), which the Court granted, warning Neal that additional motions to continue were not likely to be granted absent extraordinary circumstances (Doc. 110).

Nevertheless, when the case was called for sentencing on August 10, 2017, Neal informed the Court he wanted to hire private counsel and to continue the sentencing hearing (Doc. 124). The Court gave Neal fourteen days for his private counsel to enter an appearance. Fourteen days have passed, but no private counsel has appeared for Neal.

The Court notes that Neal is currently represented by competent appointed counsel, and that is all the Constitution requires. *See United States v. Oreye*, 263 F.3d 669, 671 (7th Cir. 2001) ("[A]n indigent defendant has a right to competent counsel but not a right to counsel of his choice."). Because private counsel has not appeared for Neal within the deadline set by the Court, there has already been a substantial delay in sentencing, and Neal has not described any extraordinary circumstances to justify any further continuance, the Court **CONFIRMS** that it will sentence Neal on September 12, 2017, at 1:00 p.m., and that Goeke will represent Neal at that hearing.

**IT IS SO ORDERED.**
**DATED:   August 25, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
